PAPU JOSEPH SIOFELE, Plaintiff

v.

FEALOFANI SHIMASAKI, Executive Director, Election Office and AMERICAN SAMOA GOVERNMENT, Defendants

High Court of American Samoa
Trial Division

CA No. 79-88

August 29, 1988

Before REES, Chief Justice.

Counsel: Plaintiff Papu Siofele pro se
        For Defendants, Caroline B. Crenna,
        Assistant Attorney General

On "Petition for Writ of Mandate":

Plaintiff asks that the Court order defendants to show cause why they should not (1) permit him to vote in the upcoming gubernatorial election and (2) "provide him with all necessary nominating papers according to law." He also asks (3) that the Court "extend time required [by statute] for filing of nomination papers by ten (10) working days subsequent to September 01, 1988"; and (4) that he be awarded damages in the amount of $50.

Nowhere in his petition or the accompanying affidavit and memorandum does petitioner specifically allege that he has attempted to register as a voter in accordance with the procedure prescribed by statute, or that he has asked for nominating petitions and that his request has been refused, or that he has paid a filing fee of $50 and then unsuccessfully sought a refund. From what petitioner does allege and from his requests for relief, however, we gather that some or all of these things may have happened.

A person whose application for registration as a voter has been denied by an election officer has the right to appeal to the board of registration. A.S.C.A. § 6.0224. The board is required by statute to sit on election day; the statute does not seem to prohibit the board from also sitting prior to election day. A.S.C.A. § 6.0224(b). In the meantime the person appealing the denial of registration is allowed to cast his ballot, but the ballot is set aside in a sealed envelope to be counted or not counted later depending upon the outcome of the appeal. A.S.C.A. § 6.0223(c). If the board of registration denies his appeal, the prospective voter has the right of appeal to the High Court, which shall hear the case as soon as possible after the election. A.S.C.A. § 6.0230. In the meantime the applicant's rights are preserved by the retention of his ballot in a sealed envelope, to be counted along with other such ballots in the event the Court overturns the rulings of the board of registration. A.S.C.A. § 6.0223.

In seeking a writ of mandamus ordering his immediate registration as a voter, petitioner essentially asks the High Court to skip the intermediate steps in the appellate procedure and proceed immediately to the final appeal. This we cannot do. The statutory procedure provides petitioner with an adequate remedy at law, absolutely ensuring that his right to vote will not be denied without judicial review. A writ of mandamus at this time is therefore inappropriate.

With regard to the alleged denial of petitioner's right to run for Governor or Lieutenant Governor the situation is more complicated. Petitioner has apparently not presented the Election Office with a petition signed by 300 registered voters in support of his nomination for Governor or Lieutenant Governor. Until he does this and the Election Office refuses to put him on the ballot, he is not in a position to allege that his right to run for office has been denied. See A.S.C.A. §§ 4.0103, 6.0301. Petitioner implies, although he does not specifically state, that he has asked the Election Office for blank petition forms and that they have denied his request.

The only statutory reference to blank petition forms is a requirement that they be "distributed in each district by the chief election officer." A.S.C.A. § 6.0301(b). This statute does not say that these forms should only be given to people who have previously been certified as eligible to run for office. On the contrary, the statute goes on to specify that the chief election officer "shall determine whether the nominated candidates [that is, those who have filed their petitions] are eligible for election." A.S.C.A. § 6.0301(d). Thus the determination of a candidate's eligibility is to be made after he has filed his petitions, not at the time he requests blank petition forms. Petitioner does have the legal right to receive such forms.

Petitioner's request for an extension of the statutory deadline for filing his petitions is highly problematic. It is not inconceivable that someone who was legally eligible to run for office and who was wrongfully denied blank petition forms until shortly before the statutory deadline might be entitled to such relief. The legislature that

83

enacted the statutory deadline also commanded election officials to distribute blank petition forms. In an appropriate case the Court might have to decide whether the deadline and the requirement for distribution of forms are so closely related that the former should be regarded as conditional upon the latter. Before the Court could reach this question, however, it would be necessary for the petitioner to prove that he was in fact denied the petitions and that he was damaged by this denial --- that he was in fact eligible to run for office and that he could have collected the necessary signatures on or before the deadline if he had been given the petitions when he first asked for them.

If the present petitioner has been denied blank petition forms, and if he immediately obtains such forms and collects 300 signatures but misses the September 1 deadline by a few days, we will be presented with the question whether he is entitled to have his petitions accepted. If he submits his nominating petitions and the chief election officer rules that he is ineligible to run on the ground of nonresidence, we will be presented with this question as well. Until petitioner submits such nominating petitions and the chief election officer makes his ruling, any opinion the Court might express would be purely advisory and therefore inappropriate.

With respect to the alleged fifty dollars in damages the Court is confused. Did the election office accept fifty dollars from the petitioner? If so, did petitioner request a refund? If so, does he intend to withdraw his candidacy? Without knowing the answers to these questions we cannot award damages.

If petitioner should request blank nominating petitions from the chief election officer, or if he has already requested them, they should be provided immediately. All other requested relief is denied.

It is so ordered.